Ilene J. Feldman, Esq. (IF1045)
Attorney for BNSF Railway Company
20 Vesey Street, Suite 503
New York, New York 10007
(866) 434-4440
   and
325 Reef Road, Suite 105
Fairfield, CT 06824
(203) 254-2277

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
GREG TURNER,                                   :
                                               :
               Plaintiff,    :
                                               :   09 Civ. 4434 (PGG)
  v.                                           :
                                               :
BURLINGTON NORTHER SANTA FE                    :
RAILWAY CORP.; and ORIENT OVERSEAS             :
CONTAINER LINE, LTD.                           :
                                               :
               Defendants.   :
-----------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT BNSF RAILWAY COMPANY

Defendant BNSF Railway Company ("BNSF") by its attorneys, for its Answer and Affirmative Defenses to the Complaint of Greg Turner ("Turner") alleges upon information and belief:

1. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

2. BNSF denies the allegations contained in Paragraph 2 of the Complaint.

3. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

4. BNSF admits that it is a corporation with a place of business located at 2500 Lou Menk Drive, Fort Worth, TX 76131-2828 and that it is a rail carrier. BNSF denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

6. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

7. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

8. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

9. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

10. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

11. BNSF admits that there was a derailment on August 6, 2008 while the container was in the possession of BNSF.  BNSF denies knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

12. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

13. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

14. BNSF denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same and leaves plaintiff to his proof.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.     In the event that the plaintiff has not any title or interest in the shipments that are the subject of this action, then that plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

16. The shipment referred to in the Complaint was loaded and counted by the shipper and/or its agent. BNSF is not responsible for any damage to such shipment caused by the improper loading thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

17. BNSF is not responsible for any loss or damage or delay, such loss, damage or delay was caused by parties over whom it had no control.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18. In the event that that the plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

19. In the event that plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

20. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

21. The contract of carriage does not contemplate responsibility for special damages or lost profits. To the extent that plaintiff seeks recovery for such damages, BNSF is not responsible.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

22. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, plaintiff may not recover in excess of such limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

23. Plaintiff's state law claims are preempted by federal law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

24. To the extent that the Plaintiff failed to mitigate his damages, such damages are proscribed from being recovered.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

25. To the extent that the shipment consisted of Prohibited and/or Restricted Items pursuant to the BNSF Intermodal Rules and Policies Guide, which was a part of the contract of carriage, BNSF has no or limited liability for this shipment.

## BY WAY OF CROSS-CLAIM AGAINST CO-DEFENDANT

Defendant BNSF, by its undersigned attorney, as and for its Cross-Claim against co-Defendant Orient Overseas Container Line, Ltd. ("OOCL") alleges as follows:

COUNT ONE

1. The agreement between BNSF and OOCL prescribed that OOCL was responsible for notifying the initial shipper and/or the beneficial owner of the shipment of the BNSF liability provisions and/or to give the initial shipper and/or the beneficial owner of the shipment the opportunity to request coverage pursuant to 49 U.S.C. 11706 for the shipment.

2. In the event that BNSF is found liable to plaintiff in excess of its limited liability terms and in the event that OOCL failed to notify the initial shipper and/or the beneficial owner of the terms and conditions of the BNSF Intermodal Rules and Policies Guide and/or

failed to notify the initial shipper of the opportunity to request coverage for the shipment pursuant to 49 U.S.C. 11706, OOCL is responsible to defend, indemnify and hold harmless BNSF for any lading damages awarded greater than the applicable BNSF limited liability terms.

3. As a result of the foregoing, BNSF should have judgment over and against OOCL by way of indemnity and/or contribution for all such amounts together with the costs and attorneys fees incurred by BNSF in the defense of this action.

Wherefore, BNSF demands judgment: (1) dismissing the Complaint with prejudice together with costs, disbursements and reasonable counsel fees; (2) against co-Defendant OOCL for defense, contribution and/or indemnity for any judgment in excess of BNSF's limited liability terms which may be rendered against BNSF in the case at bar; and, (3) for such other relief this Court may deem just and proper.

Dated: August 3, 2009

By_____/s/ Ilene J. Feldman_____
Ilene J. Feldman, Esq. (IF1045)
Attorney for Defendant
BNSF Railway Company
20 Vesey Street, Suite 503
New York, New York 10007
(866) 434-4440
and
325 Reef Road, Suite 105
Fairfield, CT 06824
(203) 254-2277

To:  Martin F. Casey, Esq.
 Casey & Barnett, LLC
 65 West 36th Street, 9th Floor
 New York, New York 10018

 Attorneys for Plaintiff


 Richard Ng, Claims Manager
 Orient Overseas Container Line, Ltd.
 2633 Camino Ramon, Suite 400
 San Ramon, CA 94583